# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 12-553V
Filed: December 14, 2018

| | |
|---|---|
| * * * * * * * * * * * * * * | |
| NATHANIEL LADUE *as the Parent and* | *   UNPUBLISHED |
| *Natural Guardian of* B.L.*, an infant,* | * |
| | * |
| Petitioner, | * Decision on Attorneys' Fees and Costs; |
| v. | * Reasonable Basis; Overbilling |
| | * |
| SECRETARY OF HEALTH | * |
| AND HUMAN SERVICES, | * |
| | * |
| Respondent. | * |
| * * * * * * * * * * * * * * | |

*Mark Sadaka, Esq.*, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
*Darryl Wishard, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On August 30, 2012, Nathaniel Ladue ("Mr. Ladue," or "petitioner") filed a petition for compensation under the National Vaccine Injury Compensation Program[2] on behalf of his minor child, B.L. Petitioner alleged that B.L. developed a seizure disorder after receiving human papillomavirus ("HPV") vaccinations on September 22, 2010, and November 24, 2010. *See* Petition ("Pet."), ECF No. 1. Petitioner further alleged that B.L.'s seizures were either caused-in-fact or significantly aggravated by the HPV vaccines. An entitlement hearing was held on February

---

[1] Although this Decision has been formally designated "unpublished," it will nevertheless be posted on the Court of Federal Claims's website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). **This means the Decision will be available to anyone with access to the internet.** However, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id.*

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

27 and 28, 2017. On July 12, 2018 the undersigned issued a Decision denying entitlement to compensation and dismissing the petition. Decision, ECF No. 137.

## I. Background

This matter was previously assigned to several special masters before ultimately being reassigned to me on October 21, 2015. ECF Nos. 2, 7, 11, 71.

Petitioner filed multiple expert reports from Dr. Marcel Kinsbourne, a pediatric neurologist, along with supporting medical literature. *See* Pet. Ex. 11, ECF No. 40; Pet. Ex. 32, ECF No. 68; Pet. Ex. 18-31, ECF Nos. 90-91; Pet. Ex. 37-38; ECF No. 102.

Respondent filed multiple expert reports from Dr. Shlomo Shinnar, along with supporting medical literature. *See* Resp. Ex. E-AA, ECF Nos. 49-51; Resp. Ex. BB-CC; ECF No. 58; Resp. Ex. DD-GG, ECF No. 61.

The parties were encouraged on multiple occasions by both myself and the Chief Special Master to explore an informal resolution to this matter. *See* Scheduling Order, ECF No. 53; Status Report Order, ECF No. 55; Status Report Order, ECF No. 69.

An entitlement hearing was originally scheduled for November 7 and 8, 2016, but due to a scheduling conflict was held on February 27 and 28, 2017. ECF Nos. 76, 83. Following the hearing, petitioner was ordered to file a number of additional records, including all medical records for B.L. dating from 1999 to 2008 and all testing and IEPs that had been prepared for B.L. since his diagnosis of autism at 18 months of age. Scheduling Order at 1-2, ECF No. 104. Petitioner was further ordered to file an affidavit clarifying references in the record to a family history of seizures. *Id*. Petitioner filed the requested records and affidavit in May and June of 2017. ECF Nos. 118, 120, 124.

Petitioner filed a Motion for Interim Attorneys' Fees and Costs on May 10, 2017. ECF No. 112. Respondent filed a response on May 22, 2017, deferring to the special master to determine whether petitioner had met the standard for an award of interim fees and costs. Response at 2, ECF No. 113. Respondent stated that he was "satisfied that the statutory and other legal requirements for an award of attorneys' fees and costs" had been met. *Id*. A decision was issued on May 25, 2017, awarding petitioner $79,460.95 in interim attorneys' fees and costs. ECF No. 115.

Post-hearing briefs were filed in September and October of 2017. ECF Nos. 128, 132.

A status conference was held on April 3, 2018, during which I highlighted the strengths and weaknesses of the parties' respective experts. Scheduling Order, ECF No. 135. I also asked the parties to consider the possibility of settling this matter. *Id*. Respondent filed a status report on April 6, 2018, indicating that he was not amenable to settlement. ECF No. 136.

An entitlement decision was issued on July 12, 2018, finding that petitioner had not demonstrated by a preponderance of the evidence that B.L.'s seizure disorder was caused or

significantly aggravated by his HPV vaccinations. *See* Decision, ECF No. 137. The petition was dismissed.

On November 26, 2018, petitioner filed a Motion for Attorneys' Fees and Costs. Motion for Fees, ECF No. 141. Petitioner requests attorneys' fees in the amount of $15,020.52 and attorneys' costs in the amount of $23,670.37, for a total amount of $38,690.89. *Id.* at 3. In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses. ECF No. 143.

On November 27, 2018, respondent filed a response to petitioners' Motion for Fees. Response, ECF No. 142. Respondent deferred to the special master "to determine whether the statutory requirements for an award of attorneys' fees and costs (including the reasonable basis requirement) are met in this case." *Id.* at 2. Petitioner did not file a reply.

This matter is now ripe for decision.

## II. Discussion

### A. Good Faith and Reasonable Basis

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

Reasonable basis is typically viewed as "an objective standard determined by the 'totality of the circumstances.'" *Chuisano v. United States*, 116 Fed. Cl. 276, 286 (2014) (citations omitted). It does not look to the "likeliness of success but more to the feasibility of the claims." *Id.* at 285. "This totality of the circumstances assessment should take into account evidence available at the time a claim is filed and evidence that becomes available as the case progresses." *Cottingham v. Sec'y of Health & Human Servs.*, 2017 WL 4546579, at *7 (Fed. Cl. 2017). Accordingly, a case may have a reasonable basis when filed, but may lose reasonable basis during the pendency of the case. Petitioner's counsel has "an obligation to voluntarily dismiss a Vaccine Act claim once counsel knows or should know a claim cannot be proven." *Cottingham* at *7-8.

"Special masters have historically been quite generous in finding reasonable basis for petitions." *Turpin v. Sec'y of Health & Human Servs.*, 2005 WL 1026714 at *2 (Fed. Cl. Spec. Mstr. Feb. 10, 2005). Typically, reasonable basis is not found when "fundamental inquires [sic] are not made." *Di Roma v. Sec'y of Health & Human Servs.*, No. 90-3277, 1993 WL 496981, at *2 (Fed. Cl. Spec. Mstr. Nov. 18, 1993). To ensure reasonable basis, an attorney should make a pre-filing inquiry into the claim, and it must be supported by medical records or medical opinion. *Mack v. Sec'y of Health & Human Servs.*, No. 15-149V, 2017 WL 5108680, at *3 (Fed. Cl. Spec. Mstr. Sep. 28, 2017) (internal citations omitted). While leniency has been shown when the statute of limitations was about to expire, counsel may not use an impending statute of limitations deadline

to establish reasonable basis for a claim. *Simmons v. Sec'y of Health & Human Servs.*, 2017 WL 5146179 at *3 (Fed. Cir. 2017).

In the instant matter, petitioner's claim was supported by multiple expert reports from Dr. Marcel Kinsbourne, a pediatric neurologist. Dr. Kinsbourne's reports addressed all three *Althen* prongs and were supported by medical literature. Both Dr. Kinsbourne and respondent's expert, Dr. Shinnar, authored strong reports, and as such, the parties were encouraged on multiple occasions to explore settlement. As a settlement was not feasible, it was necessary to proceed to an entitlement hearing. During the hearing, it became clear that in this particular case, Dr. Shinnar's testimony was more persuasive than Dr. Kinsbourne's, thus resulting in a finding for respondent. However, this determination could not have been made without the opportunity to hear from both experts and have them respond to my questions. Accordingly, I find that petitioner has satisfied the requirements of good faith and reasonable basis.

### B. Reasonable Hourly Rate

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008). Under this approach, "an initial estimate of a reasonable attorneys' fees" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Id*. at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). That product is then adjusted upward or downward based on other specific findings. *Id*.

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Avera*, 515 F.3d at 1348 (quoting *Blum*, 465 U.S. at 896 n.11). In general, this rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez v. Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349). There is a "limited exception" that provides for attorney's fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate. *Id*. This is known as the *Davis County* exception. *Hall v. Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).

Special masters have substantial discretion in awarding fees and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience. *McCulloch v. Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015). The Office of Special Masters has accepted the decision in *McCulloch* and has issued a Fee Schedule for subsequent years.[3]

Mr. Sadaka practices in Englewood, NJ, and has previously been awarded forum rates. *See, e.g.*, *Taylor v. Sec'y of Health & Human Servs.*, No. 13-700V, 2018 WL 6291355 at *3 (Fed. Cl. Spec. Mstr. Oct. 30, 2018)(collecting cases). The requested hourly rates are consistent with the rates previously found to be reasonable in cases involving Mr. Sadaka and his staff. *Id.* Therefore, the undersigned finds the requested rates to be reasonable.

**C.     Hours Reasonably Expended**

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera*, 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton ex rel. Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries." *Raymo v. Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016). While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary. *O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015). Clerical and secretarial tasks should not be billed at all, regardless of who performs them. *McCulloch*, 2015 WL 5634323, at *26. Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate. *See Scott v. Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases). And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program." *Matthews v. Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016). Ultimately, it is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." *Saxton*, 3 F.3d at 1522. In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged. *See Broekelschen*, 102 Fed. Cl. at 728-29 (affirming the Special Master's reduction of attorney and paralegal hours); *Guy v. Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).

Upon review of petitioner's application, the undersigned finds that a number of the hours billed were "excessive, redundant, or otherwise unnecessary." *Saxton*, 3 F.3d at 1521. For example, counsel and his staff overbilled for simple tasks, such as 0.30 hours for "Draft motion

---

[3] The fee schedules are posted on the Court's website. *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys - Forum-Rate-Fee-Schedule2015-2016.pdf (last visited Dec. 10, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2017*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2017.pdf (last visited Dec. 10, 2018); Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2018*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys%27%20Forum%20Rate%20Fee%20Schedule%202018.pdf (lasted visit Dc. 10, 2018).

for extension of time" and 0.2 hours for "Receive/review order granting motion for extension of time." Motion for Fees Ex. A at 1, 3, ECF No. 141-1. Additionally, counsel billed a total of 24.7 hours preparing an 11-page post-hearing brief, which appears excessive. Counsel's staff also recorded multiple entries coordinating with a third party, Rawlings Group, with no explanation as to how these tasks were relevant to petitioner's vaccine injury claim. *Id.* at 4, 5. For these reasons, the undersigned finds that the requested $15,020.52 should be reduced by 10%. Accordingly, $13,518.47 is awarded in attorneys' fees.

**D.    Reasonable Costs**

Petitioner requested a total of $23,670.37 in attorneys' costs. Motion for Fees Ex. B, ECF No. 141-2. The requested costs consist of $23,600.00 in expert fees to Dr. Kinsbourne and $70.37 in costs associated with obtaining medical records. *Id.* The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **awards the total of $37,188.84**,[4] representing reimbursement for attorneys' fees in the amount of $13,518.47 and costs in the amount of $23,670.37, in the form of a check made payable jointly to petitioner and petitioner's counsel, Mark Sadaka, Esq. The Clerk of the Court is directed to enter judgment in accordance with this Decision.[5]

**IT IS SO ORDERED.**

**s/ Mindy Michaels Roth**
Mindy Michaels Roth
Special Master

---

[4] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[5] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.